UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:21 CR 298 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| ROBERT PURTILO, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon Defendant, Robert Purtilo's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. §2255. (ECF #46).  The Government has filed a Motion to Dismiss, arguing that Mr. White's petition was not timely filed.  (ECF #50).

## FACTUAL AND PROCEDURAL HISTORY

Mr. Purtilo pled guilty to the indictment on a charge of felon in possession of ammunition in violation of 18 U.S.C. §922(g)(1).  (ECF #19, 20).  On December 22, 2021, he was sentenced to 110 months of imprisonment. (ECF #27).  He appealed his sentence, but not his conviction.  The Sixth Circuit Court of Appeals affirmed his sentence on December 22, 2022. (ECF #40,41).   On April 26, 2024, Mr. Purtilo filed the instant Motion to Vacate, alleging that §922(g) was rendered unconstitutional following the United States Supreme Court decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), decided June 23, 2022.  Mr. Purtilo also contends that the sentencing court improperly applied a four-level enhancement for possessing a firearm with an obliterated serial number.   The Government

argues that Mr. Purtilo's § 2255 petition is untimely, and therefore, should be dismissed.

## ANALYSIS

A. Timeliness

Section 2255 petitions are the exclusive means by which a federal prisoner may collaterally attack a sentence that is alleged to violate federal law. *Davis v. United States*, 417 U.S. 333 (1974); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that § 2255 petitions be filed within one year of the finalization of the conviction. 28 U.S.C. § 2255(f); see also, *In re Hanserd*, 123 F.3d 922, 924, 932 (6th Cir. 1997). Specifically, the statute provides as follows:

> (f) A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)-(4). Mr. Purtilo was sentenced on December 22, 2021. The judgment was docketed on the same day. His appeal was complete, at the latest, upon the issuance of the Sixth Circuit's mandate on December 22, 2022. Because this action was filed on April 26, 2024, almost five months after the expiration of the one year statute of limitations in § 2255(f)(1), it is

2

untimely. To the extent that his petition purports to seek relief based on the holding of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), decided June 23, 2022, it is also untimely. Even if *Bruen* had recognized a right that would have affected Mr. Purtilo's sentence, he filed his petition more than ten months after the limitations period in § 2255(f)(3) expired. Nothing in his petition raises the potential for relief under subsections (2) or (4) of § 2255(f). Therefore, Mr. Purtilo's petition is time-barred and must be dismissed.

B. <u>Procedural Default</u>

Mr. Purtilo's arguments are also procedurally defaulted. Claims that were made and lost on appeal, and claims that could have been raised on appeal but were not, are procedurally defaulted from consideration under §2255. *United States v. Frady*, 456 U.S. 152 (1982). Mr. Purtilo raised the argument that a sentencing enhancement was improperly applied in his case on direct appeal. That claim was lost on appeal. The Sixth Circuit correctly found that the enhancement for possessing a firearm with an obliterated serial number was proper under U.S.S.G. §2K2.1(b)(4)(B), even though the indictment did not charge him with possession of the firearm. Uncharged conduct may support an enhancement under U.S.S.G. §1B1.3, as long as the firearm that triggers the enhancement is related to the charged conduct. The obliterated firearm was found in the same location as the charged ammunition. As noted by the Sixth Circuit, the relationship between the firearm and the charged ammunition is "self-evident. Bullets aren't much use without a gun," and Purtilo "needed both bullets and the pistol" to arm himself. (ECF #40, PageID 148). Because this claim was raised and lost on appeal, it is procedurally defaulted.

The argument that §922(g) is unconstitutional after *Bruen* is also defaulted. The

3

argument that §922(g) is unconstitutional was fully available to Mr. Pertilo on direct appeal. The "text-and-history" approach that the *Bruen* Court took when applying the Second Amendmentdid not represent a "'clear break with the past,'" such that the defendant "would not reasonably have had the tools for presenting the claim," prior to its decision. *Hargrove v. Dugger*, 832 F.2d 1528, 1531 (11th Cir. 1987)(quoting *Reed v. Ross*, 468 U.S. 1, 16-17 (1984). It was not so novel an approach to constitutional law that Mr. Pertilo was prevented from raising it on direct appeal, even prior the issuance of the *Bruen* decision. Therefore, because it was an available argument and he did not choose to raise it on direct appeal, it is procedurally defaulted for purposes of his §2255 motion. Further, even it were not untimely and procedurally defaulted, *Bruen* does not support a finding that §922(g) is unconstitutional.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, (ECF #46), filed pursuant to 28 U.S.C. § 2255, is

dismissed as untimely. Furthermore, because the record conclusively shows that Petitioner is entitled to no relief under § 2255, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). IT IS SO ORDERED.

                                                    /s/ Donald C. Nugent
                                                    DONALD C. NUGENT
                                                    United States District Judge

DATED: June 18, 2024